Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4611 N. Ravenswood Ave., Suite 201
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
STUART BOLLINGER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| | |
|---|---|
| STUART BOLLINGER, <br><br>  Plaintiff, <br> v. <br><br> ALPHA RECOVERY CORPORATION, <br><br>  Defendant. | Case No.: **'15CV2001 L    RBB** <br><br> **PLAINTIFF'S COMPLAINT** |

**PLAINTIFF'S COMPLAINT**

Plaintiff, STUART BOLLINGER ("Plaintiff"), through his attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, ALPHA RECOVERY CORPORATION ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

3. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

4. Plaintiff is a natural person residing in the Desert Hot Springs, Riverside County, California.

5. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

8. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency located in Greenwood Village, Arapahoe County, Colorado.

10. Defendant is a business entity engaged in the collection of debt within the State of California.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

18. In or around January 2015, Plaintiff received a collection call from Defendant.

19. Defendant calls Plaintiff on Plaintiff's cell phone ending in 1066, and Plaintiff's father's home telephone number, ending in 0801, in an attempt to collect the alleged debt.

20. In or around March 2015, Plaintiff answered one of Defendant's calls and told Defendant's collection agent to stop calling.

21. In response to Plaintiff's verbal request to stop calling, Defendant's collection agent told Plaintiff they would not stop calling and continued to demand payment on the alleged debt.

22. Despite Plaintiff's request, Defendant continues to call Plaintiff on Plaintiff's cellular telephone number and Plaintiff's father's home telephone number.

23. In the aforementioned conversation, Defendant's collection agent did not disclose to Plaintiff the original creditor of the alleged debt.

24. To date, Plaintiff has not received anything in writing stating the original creditor of the alleged debt.

25. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owes.

26. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

27. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant placed collection calls to Plaintiff, despite being told to stop;

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to place collection calls to Plaintiff, after being told to stop calling; and

    c. Defendant violated §1692g of the FDCPA by failing to give notice to Plaintiff within five days of the initial communication in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff, STUART BOLLINGER, respectfully requests judgment be entered against Defendant, ALPHA RECOVERY CORPORATION, for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

31. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and re-alleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

33. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called, when Defendant repeatedly called Plaintiff after Plaintiff requested Defendant stop calling him and after Plaintiff's attorney sent a written cease and desist to Defendant;

   b. Defendant violated the §1788.11(e) of the RFDCPA by communicating, by telephone, with the debtor with such frequency as to be unreasonable and to constitute as harassment to the debtor under the circumstances, when Defendant repeatedly called Plaintiff after Plaintiff requested Defendant stop calling him; and

   c. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, STUART BOLLINGER, respectfully requests judgment be entered against Defendant, ALPHA RECOVERY CORPORATION, for the following:

5

34. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

35. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

36. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  September 3, 2015          AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
    Michael S. Agruss
    Attorney for Plaintiff
    STUART BOLLINGER